UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| SYLVIA LYNETTE KING, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-75 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____ ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On June 3, 2004, plaintiff filed her application for DIB benefits claiming a January 8, 2004 onset of disability. (A.R. 73-76). Plaintiff was fifty-one years old as of her alleged onset of disability. Her claim was denied on initial review. (A.R. 51-57). On October 4, 2006, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by Mr. Hal Paul, a non-attorney. (A.R. 468-94). On February 22, 2007, the ALJ issued a seven-page decision finding that plaintiff was not disabled. (A.R. 33-39). On November 23, 2007, the Appeals Council denied review (A.R. 12-14), and the ALJ's decision became the Commissioner's final decision.

On January 22, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. Plaintiff argues that the ALJ failed to comply with the procedural requirement of giving "good reasons" for the weight he gave to the

opinions of plaintiff's treating psychologist, George W. Logan, Ph.D., and that the ALJ failed to explain the basis of his credibility determination. (Plaintiff's Brief at 7-12, docket # 11). Upon review, I find that the ALJ's opinion falls well short of satisfying the applicable standards in both areas. Accordingly, I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner for further administrative proceedings.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73.

"If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act from her alleged onset of disability of January 8, 2004, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that plaintiff had the following severe impairments: "status post left knee replacement, obesity, and depression." (A.R. 35). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(A.R. 37). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (A.R. 36). Plaintiff was unable to perform her past relevant work. (A.R. 38). Plaintiff was fifty-one years old as of her alleged onset of disability date and was fifty-four years old on the date the ALJ entered his decision. Thus, at all times relevant to her claim, plaintiff was classified as an individual closely approaching advanced age. (A.R. 38). The ALJ found that plaintiff has at least a high school education and is able to communicate in English. The transferability of job skills was not material. (A.R. 38). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 19,000 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 485-86). The ALJ held that this constituted a significant number of jobs. Using Rule 202.14 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 33-39).

**1.**

The Sixth Circuit has held that claimants for social security benefits are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876.

The ALJ's opinion does not satisfy this procedural requirement. The ALJ devoted four sentences to Psychologist Logan's opinions:

> The claimant began treatment with Meridian Professional Psychological Consultants in January of 2004 with George Logan, Ph.D., and underwent a review in April 2004. According to the review, the claimant had depressive disorder, NOS and had shown only marginal progress during her first two months of treatment. In June, 2004 a psychiatric evaluation resulted in a diagnosis of panic disorder without agoraphobia (300.01) and major depressive disorder, moderate (296.22)(Exhibit 3F).
> * * *
> On several occasions during treatment Dr. Logan discussed the claimant's failure to attend treatment on a consistent basis with her [sic].
> * * *
> While Dr. Logan found that psychotherapy had not been successful in helping the claimant control of her emotional state to an extent that would allow her to function within normal emotional ranges, this conclusion is not supported by the medical evidence [of] record[,] in particular[,] in light of the claimant's failure to attend treatment on a consistent basis." (A.R. 37).

(A.R. 35, 37).

Psychologist Logan supported plaintiff's claim of entitlement to DIB benefits. On August 21, 2006, he signed a "Summary Treatment Report" stating that plaintiff had been treated with biweekly psychotherapy sessions at Meridian Professional Psychological Consultants, P.C. since January 14, 2004. (A.R. 295). Logan stated that plaintiff had been treated for "Recurrent and Severe Depression." (A.R. 295). He summarized the results of more than two years of treatment as follows:

> She has responded to therapy erratically; periods of highs in which she appeared to be functioning within normal or expected ranges and periods of lows in which she was not functioning within normal or expected ranges. Her depression was often altered with anxiety. Whether it was depression or anxiety, the key to either was the fact that a source or object tended to be absent.
>
> Psychotherapy has not been successful in helping her gain control of her emotional state to an extent that would allow her to function within normal emotional ranges. During her

> period of treatment, which has been lengthy, her prognosis for improvement is very guarded to poor.[1]
>
> Please see the attached survey of mental/emotional disorders for further detailed information relative to Mrs. King.

(A.R. 295). Psychologist Logan completed a mental residual functional capacity assessment stating that plaintiff was "markedly limited " in ten areas of mental functioning, "moderately limited" in seven areas, and "not significantly limited" in zero areas. (A.R. 301-02). He asserted that plaintiff's mental impairments were severe enough to meet the requirements of listings 12.04 and 12.06. (A.R. 296-300). On September 18, 2006, Psychologist Logan wrote a letter addressed "To Whom It May Concern":

> Lynette King is an ongoing patient at Meridian Psychological Consultants who is being treated for sever[e] depression. Her depression shows no signs of lifting. She is unable to work because of this condition. The severity of which [sic] renders her prospects of returning to work is [sic] very poor. Current prognosis is that she will not be able to return to work of any kind.

(A.R. 326).

The ALJ's decision did not engage Psychologist Logan's opinions. The ALJ did not comply with the procedural requirement of providing good reasons for the weight given to the opinions of treating psychologist. *See Smith v. Commissioner*, 482 F.3d at 875-76; *Wilson v. Commissioner*, 378 F.3d at 544.

---

[1]Plaintiff testified that Logan last treated her in March of 2006. (A.R. 478). On August 22, 2006, plaintiff began treatment with Psychiatrist J. Keith Ostein. Plaintiff testified that she sees Dr. Ostein "once a month." (A.R. 477). The ALJ's opinion addressed Dr. Ostein's initial assessment dated August 22, 2006. (A.R. 36, *see* 323-25). Plaintiff did not submit treatment records from Dr. Ostein in support of her claim for DIB benefits.

**2.**

Plaintiff argues that the ALJ's credibility determination is deficient. This court does not make its own credibility determinations. *See Jordan v. Commissioner*, 548 F.3d 417, 422 (6th Cir. 2008). Although the deferential "substantial evidence" standard applies to the ALJ's credibility determination, the ALJ must be "sufficiently specific to make clear to the [claimant] and any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight. In other words, blanket assertions that the claimant is not believable will not pass muster." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2006). The ALJ's credibility determination does not "pass muster" under this standard.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated and that the matter be remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.


Dated: March 23, 2009            /s/  Joseph G. Scoville
                                 United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).