UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA LYNETTE KING,
         Plaintiff,

No. 1:08-cv-75

-v-

HONORABLE PAUL L. MALONEY

COMMISSIONER OF SOCIAL SECURITY,
         Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

    This matter comes before the Court on a Report and Recommendation (Dkt. No. 19) issued by the Honorable Joseph G. Scoville, United States Magistrate Judge. Plaintiff King filed a complaint seeking review of a final decision by the Commissioner of Social Security. The complaint was automatically referred to the Magistrate Judge. Magistrate Judge Scoville recommends vacating Defendant Commissioner's decision and remanding the matter for further administrative proceedings. Defendant Commissioner filed an objection. (Dkt. No. 21.) Plaintiff King filed a response to the objection. (Dkt. No. 22.)

    After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or

too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"); *Howard*, 932 F.2d at 509. The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

Defendant Commissioner's objection is limited to a single issue, whether the Administrative Law Judge (ALJ) provided "good reasons" for the weight afforded the opinion of Plaintiff's treating doctor.[1] Defendant does not dispute the facts or the legal standards outlined in the R&R. Defendant's objection is limited to the application of the legal standard to the ALJ's written decision. Plaintiff's psychologist, George Logan, Ph.D., supported Plaintiff's claim for entitlement to disability benefits. The ALJ concluded Plaintiff was not disabled. The Magistrate Judge Scoville concludes the ALJ did not provide a sufficient explanation for the weight assigned to Dr. Logan's opinion. Defendant argues the ALJ identified four reasons for the decision: (1) Dr. Logan's opinion was not supported by objective medical evidence, (2) Plaintiff had an inconsistent treatment history, (3) Plaintiff exaggerated her manner and allegations, and (4) the State's consulting expert opined Plaintiff could perform unskilled work.

The reasons-giving requirement fulfills several purposes, including allowing meaningful

---

[1] Defendant Commissioner's objection is almost word-for-word the same brief submitted to the Magistrate Judge in Defendant's memorandum in support. The differences between the two briefs are entirely cosmetic and located in the introductory and conclusory sections.

review of the ALJ's decision as well as allowing claimants to understand why the "administrative bureaucracy" finds them not disabled when their physicians tell them they are disabled. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242-243 (6th Cir. 2007); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875-876 (6th Cir. 2007). The Social Security Administration (SSA) requires ALJs to give reasons only for treating sources. *Id.* at 876. Opinions from treating sources have "controlling weight," unless the opinion is either not well-supported by medically acceptable clinical or laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record. *Id.* (quoting 20 C.F.R. § 404.1527(d)(2)). Even then, a rebuttable presumption exists that the treating source's opinion is entitled to great deference. *Rogers*, 486 F.3d at 242 (citing Soc. Sec. R. 96-2p, 1996 WL 374188 at *4). When the SSA opts not to give a treating source's opinion controlling weight, the SSA will "apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) [], as well as other factors in paragraphs (d)(3) through (d)(6) [] in determining the weight to give the opinion." 20 C.F.R. § 404.1527(d)(2).

Having conducted a *de novo* review of the issue raised, Defendant Commissioner's objection is OVERRULED. The ALJ did not provide good reasons for not assigning controlling weight to Dr. Logan's opinion. The problem arises not because the reasons given by the ALJ are insufficient, but because the record contradicts those reasons and no explanation for the contradictions has been offered. First, some objective evidence does support Dr. Logan's assessment. For example, GAF scores may be considered objective evidence and the ALJ has not explained why Plaintiff's GAF scores were overlooked. There may be reasons to ignore the GAF scores, but those reasons have not been provided. Second, Plaintiff's treatment history may or may not be a good reason for discounting Dr. Logan's opinions. The record establishes the number of times Plaintiff saw Dr.

3

Logan. The record does not establish why Plaintiff did not see Dr. Logan more often. Defendant Commissioner's reliance on *Moon v. Sullivan*, 923 F.2d 1175 (6th Cir. 1990), to support the conclusion that Plaintiff's inconsistent treatments undermine Dr. Logan's opinion, is misplaced. In *Moon*, the plaintiff alleged he suffered from depression, obsessive compulsive disorder, and was unable to make decisions. *Id.* at 1182. The court noted his medical history revealed "only sporadic psychiatric visits that were often separated by years." *Id.* The court further noted the plaintiff's decision to remarry and go to law school, in addition to his success in law school (summa cum laude) and success in passing the bar exam undermined the plaintiff's alleged mental disability. *Id.* The differences between Plaintiff and Mr. Moon are remarkable. Plaintiff King visited Dr. Logan 15 times over three years and has not exhibited the sort of personal and professional successes during those three years as Mr. Moon exhibited.

Defendant next points out the ALJ discounted Plaintiff's credibility. For example, the ALJ commented on Plaintiff's exaggerated responses to the MMPI-2. While such findings certainly implicate Plaintiff's credibility, the ALJ has not explained how the finding justifies the decision not to provide controlling weight to Dr. Logan's opinion. Plaintiff's credibility is not one of the specific considerations outlined in section 1527 or in the Social Security ruling. Finally, the ALJ noted the state's consulting psychologist, Dr. Balunas, concluded Plaintiff could perform unskilled work. Dr. Balunas is a nontreating and nonexamininng doctor and his opinion is entitled to some weight. However, based on the insufficiency of reasons provided on the existing record, the ALJ decision to rely on Dr. Balunas' opinion rather than Dr. Logan's opinion was not reasonable. This Court expresses no view whether a complete record curing the deficencies noted would portend a different conclusion.

Having reviewed the complaint, the parties' briefs, the Report and Recommendation, and

Defendant's objection, **IT IS HEREBY ORDERED:**

    1.  The Report and Recommendation (Dkt. No. 19) is **ADOPTED OVER OBJECTIONS;**

    2.  The Commissioner's denial of benefits is **VACATED**; and

    3.  The complaint is **REMANDED** pursuant to 42 U.S.C. § 405(g) for further administrative proceedings.


Date:   May 14, 2009                                      /s/ Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               Chief United States District Judge